UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION
Case No. 1:20-cv-180

| | |
|---|---|
| AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, LOCAL 77, | )<br>)<br>)<br>) |
| Plaintiff, | ) **COMPLAINT** |
| v. | )<br>) |
| DUKE UNIVERSITY, | )<br>) |
| Defendant. | )<br>) |

Plaintiff American Federation of State, County, and Municipal Employees, Local 77, by and through its attorneys, alleges as follows:

## PARTIES AND JURISDICTION

1. This action is brought pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and Section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4.

2. Plaintiff American Federation of State, County, and Municipal Employees, Local 77 (the "Union") is an unincorporated association, and a labor organization within the meaning of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

1

3. Plaintiff maintains an office in Durham, North Carolina. Plaintiff represents members who are employed at Duke University in Durham, North Carolina, and within the territorial jurisdiction of this Court.

4. Defendant Duke University ("Duke") is a non-profit corporation organized and existing under the laws of the North Carolina, and doing business in North Carolina. Duke employs workers who are represented by the Union.

5. Duke is an employer within the meaning of Section 2(2) of the NLRA, 29 U.S.C. § 152(2), and Section 301 of the LMRA, 29 U.S.C. § 185.

6. Duke is engaged in commerce and its activities affect commerce within the meaning of Sections 2(6) and (7) of the NLRA, 29 U.S.C. §§ 152(6) and (7).

7. Jurisdiction is conferred on this Court by Section 301 of the LMRA, 29 U.S.C. § 185; Section 4 of the FAA, 9 U.S.C. § 4; and 28 U.S.C. §§ 1331 and 1337.

8. The employment practices complained of herein occurred within Durham County, North Carolina, and venue is thus proper in this district.

## FACTS

9. The foregoing allegations are incorporated by reference.

10. The Union and Duke have a collective bargaining relationship. The Union and Duke's current collective bargaining agreement (the "Labor Agreement") went into effect on July 1, 2017. The agreement is attached as Exhibit A.

11. Article 10 of the Labor Agreement provides the grievance procedure for the parties to follow to peaceably resolve grievances that arise between either the Union or an employee and Duke.

12. If a dispute is not resolved through the grievance process, then Article 11 of the Labor Agreement provides for the dispute to be submitted to an impartial arbitrator. Article 11 further provides that the arbitrator's decision "shall be final and binding upon the Employer, the Union and the employee or employees involved."

13. Article 6 of the Labor Agreement specifies that an employee shall receive a copy of a disciplinary notice at the time the notice is generated. It also provides: "If the employee is not at work to receive disciplinary action where he/she has been previously notified of such action, the disciplinary action of Suspension or Termination may be issued via mail (certified/express mail) to the most current address listed. The Union . . . will be notified prior to the mailing of any disciplinary action." Article 6 also specifies that the time limit for the Union to file a grievance for a mailed disciplinary action is 15 working days.

14. Until his termination in May 2019, Shawn Easterling had been employed in the housekeeping department for Duke for thirteen years. Mr. Easterling was a member of the bargaining unit represented by the Union.

15. As of May 2019, Mr. Easterling had been suspended by Duke with pay pending investigation of alleged absenteeism.

16. On May 20, 2019, Duke mailed a letter to Mr. Easterling informing him that his employment with Duke was being terminated. The letter is attached as Exhibit B.

3

Duke did not inform the Union that is was terminating Mr. Easterling before issuing the termination letter.

17. On June 14, 2019, the Union filed a grievance regarding Mr. Easterling's termination (the "Easterling Grievance"). The grievance is attached as Exhibit C.

18. The Union contends that the Easterling Grievance was timely filed because Duke did not comply with Section 6 of the Labor Agreement, which required Duke to provide advance notice to the Union before it mailed the termination notice to Mr. Easterling. Duke contends that the grievance was not timely filed.

19. The parties did not resolve the Easterling Grievance in the multi-step process set forth in Article 10 of the Labor Agreement. The parties' meeting for the third and final step of the grievance process was on August 27, 2019.

20. After the parties' third step meeting, the Union informed Duke that it was submitting the Easterling Grievance to arbitration as provided by Article 11 of the Labor Agreement. Duke then indicated to the Union that it would not agree to arbitrate the Easterling Grievance based on its contention that the grievance was not timely filed. The Union contended that the grievance was timely filed, but that regardless, the dispute as to timeliness was an issue for the arbitrator to resolve and was not a defense to arbitration. The parties then attempted to resolve the matter through negotiation.

21. On or about January 23, 2020, Duke informed the Union that it was unequivocally refusing to arbitrate the Easterling Grievance because it believed the grievance was untimely filed.

4

22. Duke's legal position is frivolous because it has been squarely rejected by the Fourth Circuit Court of Appeals. *See Local 1422, Int'l Longshoremen's Ass'n v. S.C. Stevedores Ass'n*, 170 F.3d 407, 410 (4th Cir. 1999) ("[T]he question of the timeliness of a grievance is one for the arbitrator alone[.]").

23. Duke has to date refused to proceed to arbitration of the Easterling Grievance. Duke has no legal justification for refusing to arbitrate the Easterling Grievance.

24. The Union and the employees that it represents are without any adequate remedy at law and are suffering immediate damage and irreparable injury because Duke has refused and is refusing to comply with its obligations under the Labor Agreement.

**CLAIM FOR RELIEF**
Action to Compel Arbitration Under the LMRA, 29 U.S.C. § 185,
and the FAA, 9 U.S.C. § 4

25. The foregoing allegations are incorporated by reference herein.

26. Duke has failed and refused to proceed to arbitration of the Easterling Grievance, and continues to fail and refuse to arbitrate the grievance.

27. The Easterling Grievance is subject to the arbitration procedures specified in the parties' Labor Agreement, which is binding on Duke.

28. Duke's failure and refusal to proceed to arbitration of the Easterling Grievance violates its obligations under the Labor Agreement, the LMRA, and the FAA.

29. The Union and the bargaining unit members it represents do not have an adequate remedy at law, and are suffering and will continue to suffer immediate damage

5

and irreparable injury unless Duke is ordered to comply with the arbitration provisions in the Labor Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

(1) That the Court declare that Defendant has breached the Labor Agreement by failing to proceed to arbitration of the Easterling Grievance;

(2) That the Court enter judgment compelling Defendant to proceed to arbitration of the Easterling Grievance under the procedures in the Labor Agreement;

(3) That the Court award Plaintiff its attorneys' fees and costs associated with having to bring this action; and

(4) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

This the 24th day of February, 2020.

PATTERSON HARKAVY LLP

/s/ Narendra K. Ghosh
Narendra K. Ghosh, NC State Bar No. 37649
nghosh@pathlaw.com
Paul E. Smith, NC State Bar No. 45014
psmith@pathlaw.com
100 Europa Dr., Suite 420
Chapel Hill, NC 27517
Tel: 919.942.5200
Fax: 866.397.8671

*Counsel for Plaintiff*